IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| THOMAS PATRICK PEARL, II, | ) | CASE NO. 05-67826-CRM |
| | ) | |
| Debtor. | ) | |

**APPLICATION AUTHORIZING THE EMPLOYMENT AND APPOINTMENT
OF BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
AS SPECIAL COUNSEL FOR THE CHAPTER 7 TRUSTEE**

COMES NOW Cathy L. Scarver, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate in the above-captioned case, in which Thomas Patrick Pearl, II is the debtor (the "Debtor"), and files this Application Authorizing the Employment and Appointment of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. (the "Law Firm" or "Beasley Allen") as Special Counsel for the Chapter 7 Trustee, to represent her on matters which relate to certain claims in the *In Re Vioxx Products Liability Litigation,* United States District Court for the Eastern District of Louisiana, (MDL No. 1657) ("In re Vioxx"), and respectfully represent:

**I. JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and the Standing Order of Reference of the United States Bankruptcy Court for the Northern District of Georgia. This is a core proceeding under 28 U.S.C. §157(b). Venue is proper in this Court under 28 U.S.C. § 1408 and1409.

**II. BACKGROUND**

2.  On April 28, 2005, (the "Petition Date"), the Debtor filed his voluntary case (the "Bankruptcy Case") under Chapter 7 of Title 11 of the United States Code, U.S.C. §§ 101

et.seq., as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta, Division (the "Bankruptcy Court").

3. On August 5, 2005, an Order Discharging Debtor and Closing Estate was entered and the Bankruptcy Case was closed (Doc. No. 5).

4. In August 2009, the former chapter 7 trustee received information that the Debtor had a claim in the mass tort litigation related to the prescription drug, Vioxx (the "Vioxx Claim").

5. On August 26, 2009, the United States Trustee filed its motion requesting that the Bankruptcy Case be reopened for the trustee to administer the Vioxx Claim (Doc. No. 7), and an order was entered on August 31, 2009 reopening the Bankruptcy Case. (Doc. No. 8)

6. On September 4, 2009, Cathy L. Scarver was appointed Chapter 7 trustee, and continues as such.

*Vioxx Claim*

7. Prior to the Petition Date, the Debtor had a claim for injuries and damages possibly caused by the ingestion of Vioxx (the "Vioxx Causes of Action").

8. In May of 2005, the Debtor retained Beasley Allen to represent him on the Vioxx Causes of Action. Beasley Allen agreed to represent the Debtor for a fee of 45% of any gross recovery, plus reimbursement of reasonable expenses. (the "Contingent Fee Agreement").

9. The Vioxx Claim became part of the In re Vioxx multidistrict litigation, and was enrolled in the Vioxx Settlement Program. Pursuant to the Order & Reasons entered in the In re Vioxx multidistrict litigation on August 27, 2008, attorney's fees were capped at thirty-two percent (32%) of the gross sum recovered, plus reasonable costs (the "Modified Contingent Fee Agreement").

2

10. The Trustee seeks to employ Beasley Allen as special counsel to represent the bankruptcy estate on the Vioxx Causes of Action, on the same compensation basis and terms of the Modified Contingent Fee Agreement.

### III. **RELIEF REQUESTED**

11. The Chapter 7 Trustee requests that this Court enter an order authorizing the Chapter 7 Trustee to employ and appoint Beasley Allen, whose offices are located at 218 Commerce Street, Montgomery, Alabama, 36104, phone number 334-269-2343, facsimile number 334-954-7555, to represent the Chapter 7 Trustee as special counsel pursuant to 11 U.S.C. §327 (a) and (e) on the Vioxx Causes of Action, including but not limited to conducting examinations and productions, and litigation, pursuant to which the Law Firm will receive fees and expenses as set forth above, after further notice and hearing.

12. The lead lawyer in the Law Firm who will be working on this matter is W. Roger Smith, III.

13. The Law Firm has knowledge and experience in personal injury tort matters, and is well-qualified to represent the estate in connection with the Vioxx Causes of Action.

14. The Verified Statement by the Law Firm is attached hereto as **Exhibit A**.

15. To the best of the Chapter 7 Trustee's knowledge, the Law Firm represents no interest adverse to the Chapter 7 Trustee, the estate, the Debtor, or creditors of the estate, in matters upon which it is to be engaged for the Chapter 7 Trustee.

16. To the best of the Chapter 7 Trustee's knowledge, other than as stated herein, neither the Law Firm nor any employee of the Law Firm has any "connection" [within the meaning of that term under Bankruptcy Rule 2014(a)] with the Trustee, Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

17. The Law Firm has not received any retainer.

18. Notice of this Application is being given to the United States Trustee and the Debtor. The Trustee submits that no other or further notice is necessary.

19. No previous motion for the requested relief has been made to this, or any other court.

WHEREFORE, the Trustee prays that the Chapter 7 Trustee be authorized to employ and appoint Beasley Allen as the Chapter 7 Trustee's special counsel, pursuant to 11 U.S.C. §327(e), on the Vioxx Causes of Action on the following basis:

(1) the Law Firm will receive 32% of any recovery, plus reimbursement of actual reasonable and necessary out-of-pocket expenses;

(2) all recoveries on the Vioxx Causes of Action shall be to the bankruptcy estate subject to any allowed exemption, if any;

(3) any settlement of any claims arising out of or related to the Vioxx Causes of Action, by any entity or party connected to the Vioxx Causes of Action, must be consented to by the Trustee and approved by the Bankruptcy Court;

(4) all compensation and expense reimbursement for the efforts of the Law Firm under the terms of the Modified Contingent Fee Agreement shall be approved for payment by the Bankruptcy Court after further notice and hearing; and

(5) such other relief to which the Chapter 7 Trustee may be entitled.

Respectfully submitted,

       */s/ Cathy L. Scarver*
Cathy L. Scarver, Trustee
Georgia State Bar No. 628455

P.O. Box 672587
Marietta, Georgia 30006
Phone: 404-551-5142
Fax: 404-806-9652
Email: trusteescarver@bellsouth.net

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| THOMAS PATRICK PEARL, II, | ) | CASE NO. 05-67826-CRM |
| | ) | |
| Debtor. | ) | |

**VERIFIED STATEMENT FOR
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
PURSUANT TO FED. R. BANKR. P. 2014(a),
IN SUPPORT OF APPLICATION AUTHORIZING THE EMPLOYMENT AND
APPOINTMENT OF BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
AS SPECIAL COUNSEL FOR THE CHAPTER 7 TRUSTEE**

I, W. Roger Smith, III, pursuant to Federal Rule of Bankruptcy Procedure 2014(a) make this Verified Statement in support of the Application Authorizing the Employment and Appointment of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. As Special Counsel for the Chapter 7 Trustee (the "Application"), in the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court"), and show the Court as follows:

**BACKGROUND**

1. On April 28, 2005, (the "Petition Date"), the Debtor filed his voluntary case (the "Bankruptcy Case") under Chapter 7 of Title 11 of the United States Code, U.S.C. §§ 101 et.seq., as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta, Division (the "Bankruptcy Court").

2. On August 5, 2005, an Order Discharging Debtor and Closing Estate was entered and the Bankruptcy Case was closed (Doc. No. 5).

3. In August 2009, the former chapter 7 trustee received information that the Debtor had a claim in the mass tort litigation related to the prescription drug, Vioxx (the "Vioxx Claim").

4. On August 26, 2009, the United States Trustee filed its motion requesting that the Bankruptcy Case be reopened for the trustee to administer the Vioxx Claim (Doc. No. 7), and an order was entered on August 31, 2009 reopening the Bankruptcy Case. (Doc. No. 8)

5. On September 4, 2009, Cathy L. Scarver was appointed Chapter 7 trustee, and continues as such.

*Vioxx Claim*

6. Prior to the Petition Date, the Debtor had a claim for injuries and damages possibly caused by the ingestion of Vioxx (the "Vioxx Causes of Action").

7. In May of 2005, the Debtor retained Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. (the "Law Firm" or "Beasley Allen") to represent him on the Vioxx Causes of Action. Beasley Allen agreed to represent the Debtor for a fee of 45% of any gross recovery, plus reimbursement of reasonable expenses. (the "Contingent Fee Agreement").

8. The Vioxx Claim became part of the In re Vioxx multidistrict litigation, and was enrolled in the Vioxx Settlement Program. Pursuant to the Order & Reasons entered in the In re Vioxx multidistrict litigation on August 27, 2008, attorney's fees were capped at thirty-two percent (32%) of the gross sum recovered, plus reasonable out of pocket expenses (the "Modified Contingent Fee Agreement").

9. In the Application, the Chapter 7 Trustee requested the employment of the Law Firm as special counsel to represent the estate on the Vioxx Causes of Action, on the same

compensation basis and terms of the Modified Contingent Fee Agreement, as outlined in the Application.

## II. BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.

10. Beasley Allen has offices at Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., phone number 334-269-2343, facsimile number 334-954-7555.

11. The lead lawyer in the Law Firm who will be working on this matter is W. Roger Smith, III.

12. The Law Firm has knowledge and experience in personal injury and other tort matters, and is well-qualified to represent the estate in the Vioxx Causes of Action.

13. W. Roger Smith, III, of the Law Firm, is licensed to practice in the states of Alabama, Minnesota, Arizona, Tennessee, Mississippi, and West Virginia.

14. To serve as special counsel, the Law Firm need not be disinterested.

15. To the best of the knowledge of W. Roger Smith, III, the Law Firm represents no interest adverse to the Trustee, the estate, the Debtor, or creditors of the estate, in matters upon which it is to be engaged for the Trustee.

16. To the best of the knowledge of W. Roger Smith, III, and other than as stated herein, neither the Law Firm nor any employee of the Law Firm has any "connection" [within the meaning of that term under Bankruptcy Rule 2014(a)] with the Trustee, Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

17. Subject to the fee application process and this Court's approval, the Law Firm will represent the bankruptcy estate on the Vioxx Causes of Action, on the same compensation basis and terms of the Modified Contingent Fee Agreement, as outlined in the Application.

18. The Law Firm will receive thirty-two percent (32%) of the gross sum recovered, plus reasonable out of pocket expenses, (i) all recoveries on the Vioxx Causes of Action shall be to the bankruptcy estate subject to any allowed exemption, if any, (ii) any settlement of any claims arising out of or related to the Vioxx Causes of Action, by any entity or party connected to the Vioxx Causes of Action, must be consented to by the Trustee and approved by the Bankruptcy Court, (iii) all compensation and expense reimbursement for the efforts of the Law Firm, under the terms of the Modified Contingent Fee Agreement, as outlined in the Application, shall be approved for payment by the Bankruptcy Court after further notice and hearing.

19. The Law Firm will maintain detailed records of costs and expenses incurred in connection with its legal services and these will be set forth in detail as part of the fee application.

20. The Law Firm has not received any retainer.

21. I, W. Roger Smith, III, declare that the foregoing statements are true, are based upon my personal knowledge, and are made under penalty of perjury under the laws of the United States.

Dated: October 28, 2009.

_____
W. Roger Smith, III
Alabama State Bar No. ASB-1691-I71S

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I am more than 18 years of age, and that on the date set forth below I served a copy of the (I) **APPLICATION AUTHORIZING THE EMPLOYMENT AND APPOINTMENT OF BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C. AS SPECIAL COUNSEL FOR THE CHAPTER 7 TRUSTEE,** and (II) **VERIFIED STATEMENT FOR BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C. PURSUANT TO FED. R. BANKR. P. 2014(a), IN SUPPORT OF APPLICATION** on all parties listed below, by placing a copy of same in an envelope in the United States Mail, with First-Class postage thereon to insure delivery, and addressed as follows:

    Office of United States Trustee
    75 Spring Street, SW, Suite 362
    Atlanta, GA 30303

I certify under penalty of perjury that this is true.

This 3rd day of November, 2009.

                                                            */s/*     *Cathy L. Scarver*
                                                             Cathy L. Scarver
                                                             Georgia State Bar No. 628455

c/o C. L. Scarver & Associates, LLC
P.O. Box 672587
Marietta, Georgia 30006
Phone: 404-551-5142
Fax: 404-806-9652
Email:  clsallc@bellsouth.net