IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| THOMAS PATRICK PEARL, II, | ) | CASE NO. 05-67826-CRM |
| | ) | |
| Debtor. | ) | |

**NOTICE OF REQUIREMENT OF RESPONSE TO**
*FINAL APPLICATION FOR COMPENSATION*
*AND REIMBURSEMENT OF EXPENSES FOR*
*BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.*
*AS SPECIAL COUNSEL FOR THE CHAPTER 7 TRUSTEE*
**AND DEADLINE FOR FILING RESPONSE; and HEARING**

**PLEASE TAKE NOTICE** that Cathy L. Scarver, as Chapter 7 Trustee in the above captioned case, has filed the Final Application for Compensation and Reimbursement of Expenses for Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. as Special Counsel for Trustee, seeking an order for an allowance and payment of compensation of $31,845.42 and expenses of $3,476.89 to Special Counsel for its representation regarding the Vioxx Multi District Litigation. Under the Employment Application previously approved by the Bankruptcy Court, Special Counsel is to receive 32% of any recovery amount, as reasonable compensation. The $31,845.42 represents the 32% contingent fee on the $99,516.93 total Claim Disbursement Amount awarded to the bankruptcy estate. Of the $31,845.42 compensation amount requested, $7,961.35 is being deducted by the Vioxx Court as a mandatory Multi District Litigation Assessment fee, with only the remaining $23,884.07 going to Special Counsel.

**Your rights may be affected. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not want the court to grant the relief requested, or if you want the court to consider your views, then on or before **April 5, 2010**[1], you or your attorney must:

> (1) File with the court a written response, explaining your positions and views as to why your claim should be allowed as filed. The written response must be filed at the following address:

---

[1] Objections/Responses filed electronically may be filed up to 11:59:59 p.m. All other objections/responses must be filed by delivery to the Clerk's Office at or before 4:00 p.m.

Clerk, United States Bankruptcy Court, Room 1340, U.S. Courthouse, 75 Spring Street, S.W., Atlanta, Georgia 30303-3367

If you mail your response to the Clerk for filing, you must mail it early enough so that the Clerk will **actually receive** it on or before the date stated above.

(2) Mail or deliver a copy of your written response to the Movant's attorney at the address stated below. You must attach a Certificate of Service to your written response stating when, how, and on whom (including addresses) you served the response.

If you or your attorney do not file a timely response, the court may decide that you do not oppose the relief sought, in which event the hearing scheduled below may be cancelled and the court may enter an order disallowing your claim as requested without further notice and without a hearing.

If you or your attorney file a timely response, then a hearing will be held in **Courtroom 1203**, United States Courthouse, 75 Spring Street, S. W., Atlanta, Georgia 30303 at **11:00 a.m., April 15, 2010**. You or your attorney must attend the hearing and advocate your position.

Dated: March 12, 2010.

                C. L. SCARVER & ASSOCIATES, LLC

                By: /*s/ Cathy L. Scarver*
                   Cathy L. Scarver
                   Georgia Bar No. 628455
                   Counsel to Trustee
P.O. Box 672587
Marietta, Georgia 30006
Phone: 404-551-5142
Fax: 404-806-9652
Email: clsallc@bellsouth.net

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                      )    CHAPTER 7
                                            )
THOMAS PATRICK PEARL, II,                   )    CASE NO. 05-67826-CRM
                                            )
_____Debtor._____                   )

FINAL APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
AS SPECIAL COUNSEL FOR THE CHAPTER 7 TRUSTEE**

C. L. SCARVER & ASSOCIATES, LLC

By: */s/ Cathy L. Scarver*
    Cathy L. Scarver
    Georgia Bar No. 628455
    Counsel to Trustee
P.O. Box 672587
Marietta, Georgia 30006
Phone: 404-551-5142
Fax: 404-806-9652
Email: clsallc@bellsouth.net

## SUMMARY SHEET

A.    Compensation and Expenses **requested in this Application**:

| Name of Billing Attorney | Dates Admitted to Bar |
|---|---|
| W. Roger Smith, III, Special Counsel | 1997 Arizona; 2001 Tennessee; 2002 Alabama & Minnesota, 2003 Mississippi; 2005 West Virginia |

Total Compensation.......................................................................................... $31,845.42
(32.00% Contingent Fee on $99,516.93 Claim Distribution Amount)

Total Expenses…………………………………………………………….. $ 3,476.89

TOTAL Compensation and Expenses………………………………………….. $35,322.31

B.    Compensation and Expenses **previously** requested, awarded, paid by Estate

        a.    Compensation:    $    0.00
        b.    Expenses:    $    0.00

<h1 style="text-align:center">I.  APPLICATION</h1>

COMES NOW, **BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.** ("Applicant"), as **Special Counsel** for Cathy L. Scarver, in her office and capacity as Chapter 7 trustee for the above-captioned estate (the "Trustee"), and files this application for allowance of compensation and reimbursement of expenses, and respectfully shows the Court as follows:

<h3 style="text-align:center">Jurisdiction and Venue</h3>

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and the Standing Order of Reference of the United States Bankruptcy Court for the Northern District of Georgia.  This is a core proceeding under 28 U.S.C. §157(b).  Venue is proper in this Court under 28 U.S.C. § 1408 and 1409.

<h3 style="text-align:center">Background</h3>

2. On April 28, 2005, (the "Petition Date"), the Debtor filed his voluntary case (the "Bankruptcy Case") under Chapter 7 of Title 11 of the United States Code, U.S.C. §§ 101 et.seq., as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta, Division (the "Bankruptcy Court").

3. On August 5, 2005, an Order Discharging Debtor and Closing Estate was entered and the Bankruptcy Case was closed (Doc. No. 5).

4. In August 2009, the former chapter 7 trustee was informed that the Debtor had a claim in the mass tort litigation involving the prescription drug, Vioxx (the "Vioxx Claim").

5. The Debtor had not disclosed the Vioxx Claim in his filed schedules or statement of financial affairs.

6. After being informed of the Vioxx Claim, on August 26, 2009, the United States Trustee filed its motion requesting that the Bankruptcy Case be reopened for the trustee to administer the Vioxx Claim (Doc. No. 7), and an order was entered on August 31, 2009 reopening the Bankruptcy Case. (Doc. No. 8)

7. On September 4, 2009, Cathy L. Scarver was appointed Chapter 7 trustee, and continues as such.

*The Vioxx Claim*

8. Prior to the Petition Date, the Debtor had a claim for injuries and damages possibly caused by the ingestion of the prescription drug, Vioxx.

9. In May of 2005, the Debtor retained Applicant to represent him on the Vioxx

Claim. Applicant agreed to represent the Debtor for a fee of 45% of any gross recovery, plus reimbursement of reasonable expenses. (the "Contingent Fee Agreement").

10. The Vioxx Claim became part of the multidistrict litigation, known as In re Vioxx Products Liability Litigation, in the United States District Court for the Eastern District of Louisiana, (MDL No. 1657) (the "Vioxx Case").

11. Pursuant to an order entered in the Vioxx Case on August 27, 2008, attorney's fees, including for Applicant, were capped at thirty-two percent (32%) of the gross sum recovered, plus reasonable costs (the "Modified Contingent Fee Agreement").

12. On November 3, 2009, the Trustee filed her Application Authorizing the Employment and Appointment of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. as Special Counsel for the Chapter 7 Trustee, on the same terms as the Modified Contingent Fee Agreement (Doc. #14)

13. On November 3, 2009, an order was entered granting the Trustee's Application to Employ Applicant as Special Counsel to Chapter 7 Trustee on the Vioxx Claim. (Doc. #15)

14. Applicant has represented the Trustee regarding the Vioxx Claim.

*The Vioxx Settlement Program*

15. According to pleadings and orders entered in the Vioxx Case, a settlement was negotiated by Vioxx maker, Merck, and certain plaintiff's counsel, after several years, extensive discovery, and several "bellwether" trials in various federal and state courts.

16. Applicant was one of 6 law firms, known as the "Negotiating Plaintiffs Counsel" or "NPC," that negotiated the settlement agreement. Prior to the settlement, Applicant, as part of the NPC, held more than 50 meetings and several hundred teleconferences.

17. Under the settlement agreement, Merck agreed to establish a $4,850,000,000.00 pre-funded structured private settlement program for enrolled claimants, known as the Vioxx Settlement Program.

18. The Vioxx Claim was enrolled into the Vioxx Settlement Program, Under the Vioxx Settlement Program, a particular claim is awarded a certain number of points, and each point has a value, which is determined by the number of enrollees in the Vioxx Settlement Program. The bankruptcy estate's Vioxx Claim was awarded 53.36 total points. The final value of each point is $1,865.01. The total value of the Vioxx Claim and amount to be disbursed to the bankruptcy estate is $99,516.93 ("Claim Disbursement Amount").

3

19. To cover the costs related to the multidistrict litigation, the court in the Vioxx Case imposed a 9% multidistrict litigation assessment cost on all claim disbursements (the "MDL Assessment"). Of the 9% MDL assessment imposed, 8% ($7,961.35) is deducted from awarded attorney fees, and the remaining 1% ($995.17) is charged as an expense to the claimant.

20. Under the Modified Contingent Fee Agreement, Applicant is entitled to 32% of the Claim Disbursement Amount as reasonable compensation, or $31,845.42.

21. Of the $31,845.42 compensation amount, $7,961.35 is being deducted by the Vioxx Court as MDL Assessment, with $23,884.07 remaining for the Applicant.

22. Under the Modified Contingent Fee Agreement, Applicant is entitled to $3,476.89 in unreimbursed expenses, which are set out in the Disbursement Schedule attached hereto as **Exhibit A**.

23. Under the Disbursement Schedule, after the payment of attorney fees and expenses, and the MDL Assessment, the bankruptcy estate is expected to receive $63,199.45.

24. Based on the foregoing, Applicant submits that it is entitled to allowance of $31,845.42 as reasonable compensation, and $3,476.89 in reimbursement of expenses incurred, for a total of $35,322.31. However, due to the imposition of the $7,961.35 MDL Assessment by the Vioxx Court, Applicant asks for payment of compensation in the amount of $23,884.07, and reimbursement of expenses in the amount of $3,476.89, for a total of $27,360.96.

## Relief Requested

25. The Applicant makes this Application for final allowance for services rendered by the Applicant pursuant to 11 U.S.C.§330 and FRBP Rule 2016, in the amount of, plus the reimbursement of unreimbursed expenses of $3,476.89.

26. The Applicant shows that compensation in such amount is reasonable compensation based on the nature, the extent, and the value of services rendered, the time spent to provide such services, the cost of comparable services other than in a bankruptcy case, and taking into account all other relevant factors.

27. The legal services detailed in this Application were actual, necessary services and the compensation requested for those services is reasonable.

28. The expenses detailed in this Application were actual and necessary expenses.

29. Applicant requests that this Application and attached exhibits be admitted into evidence at any hearing on this Application.

30. The Trustee has reviewed this Application and has approved the requested amount.

WHEREFORE, the Applicant respectfully prays:

A. that Applicant be allowed compensation in the amount of $31,845.42 as and for the reasonable value for services rendered in connection with its retention as Special Counsel for the Trustee;

B. that Applicant be allowed the sum of $3,476.89 for the reimbursement of actual out-of-pocket expenses incurred;

C. that the Bankruptcy Court authorizes the payment of fees to Applicant in the amount of $23,884.07, and reimbursement of expenses in the amount of $3,476.89;

D. that the Court grants Applicant such other and further relief as may be just and proper.

Respectfully submitted,

C. L. SCARVER & ASSOCIATES, LLC

By: /s/ Cathy L. Scarver
Cathy L. Scarver
Georgia Bar No. 628455
Counsel to Trustee
P.O. Box 672587
Marietta, Georgia 30006
Phone: 404-551-5142
Fax: 404-806-9652
Email: clsallc@bellsouth.net

## UNSWORN DECLARATION
## UNDER PENALTY OF PERJURY

I certify, under penalty of perjury, that the foregoing is true and correct.

Executed on: March 2, 2010

/s/
W. Roger Smith, III
Alabama State Bar No. ASB-1691-171S

5